IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLIE GILBERT GILLISPIE,    )
                              )
            Petitioner,       )
                              )
      v.                      )       1:13CV961
                              )
STATE OF NORTH CAROLINA,      )
                              )
            Respondent.       )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a Letter detailing what he alleges are problems with a state court criminal prosecution and with attorneys appointed to represent him on those charges. Even though Petitioner does not use the correct forms for a habeas corpus petition under 28 U.S.C. § 2241, it appears that Petitioner seeks to have the Court intervene in his pending state court criminal case. The document he filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a petition for habeas corpus under § 2241.[1] For this reason, the Court will construe the submission as a petition under 28 U.S.C. § 2241 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

---

[1] Petitioner also states at one point that his trial was scheduled to start only a few days after he wrote the letter. If the trial occurred, it is likely over at this point. If Petitioner lost at trial and now stands convicted, he must challenge his convictions using a petition for habeas corpus under 28 U.S.C. § 2254 instead of § 2241. He must also exhaust available state court remedies before bringing a § 2254 petition. If Petitioner exhausts those remedies and wishes to file a § 2254 petition, he should request the proper forms from the Clerk of Court.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner has not used the required § 2241 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

3. The Petition does not appear to state a viable claim for relief. Petitioner complains about the actions of the State and his attorneys. He asks that the Court investigate his case. However, the Court does not conduct investigations. If Petitioner feels that his rights were violated, he may bring an appropriate action. Petitioner may also be seeking to have the Court intervene in an ongoing state criminal matter. If so, it is not ordinarily proper for this Court to intervene in ongoing state criminal proceedings. Such intervention can only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996); Henderson v. Houston, Civil Action No. 3:1-CV-161, 2011 WL 5325527, at *2 (M.D. Ga. Nov. 3, 2011) (unpublished). Petitioner does not make such a showing here. Petitioner must also exhaust any available state court remedies before filing a § 2241 petition in this Court. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–92 (1973).

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma papauperis*, new § 2241 forms, and instructions for filing a § 2241 petition, which Petitioner should follow if he seeks to file an action.

-2-

Case 1:13-cv-00961-JAB-LPA   Document 2   Filed 11/05/13   Page 2 of 3

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2241 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2241 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 5th day of November, 2013.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**